Michael G. Coash El Dorado City Attorney 220 E. First P.O. Box 792 El Dorado, Kansas 67042
Dear Mr. Coash:
You request our opinion regarding K.S.A. 8-1008 as amended by L. 1994, ch. 350, which addresses the drug and alcohol safety action program and the drug and alcohol safety action fund administered by the municipal court. Specifically, you make the following inquiries:
1. Who is responsible for paying the cost of the presentence evaluation reports mandated by K.S.A. 8-1008(c)?
2. If the assessment is waived in situations where the defendant is indigent, who pays for the presentence evaluations?
3. Is the municipal court required to assess a fee to an individual who obtains a presentence evaluation in another county or state?
4. Is it mandatory that a municipal court establish an alcohol and drug safety action fund?
K.S.A. 8-1008 as amended by L. 1994, ch. 350, states, in relevant part, as follows:
 "(a) Community-based alcohol and drug safety action programs certified in accordance with subsection (b) shall provide:
 "(1) Presentence alcohol and drug evaluations of any person who is convicted of a violation of K.S.A. 8-1567 . . . or the ordinance of a city . . . which prohibits the acts prohibited by that statute;
 "(2) Supervision and monitoring of all persons who are convicted of a violation of K.S.A. 8-1567 . . . or the ordinance of a city . . . which prohibits the acts prohibited by that statute, and whose sentences or terms of probation require completion of an alcohol and drug safety action program . . . or an alcohol and drug abuse treatment program . . .;
 "(3) Alcohol and drug evaluations of persons whom the prosecutor considers for eligibility or finds eligible to enter a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of K.S.A. 8-1567 . . . or the ordinance of a city . . . which prohibits the acts prohibited by that statute;
 "(4) Supervision and monitoring of persons required, under a diversion agreement . . . on a complaint alleging a violation of K.S.A. 8-1567 . . . or the ordinance of a city . . . which prohibits the acts prohibited by that statute, to complete an alcohol and drug safety action program . . . or an alcohol and drug abuse treatment program . . .; or
"(5) Any combination of 1, 2, 3 and 4.
 "(c) A presentence alcohol and drug evaluation shall be conducted on any person who is convicted of a violation of K.S.A. 8-1567. . . or the ordinance of a city . . . which prohibits the acts prohibited by that statute. . . .
 "The cost of any alcohol and drug education, rehabilitation and treatment programs for any person shall be paid by such person, and such costs shall include, but not be limited to, the assessments required by subsection (e). If financial obligations are not met or cannot be met, the sentencing court shall be notified for the purpose of collection or review and further action on the defendant's sentence.
 "(e) In addition to any fines, fees, or penalties or costs levied against a person who is convicted of a violation of K.S.A. 8-1567. . . or the ordinance of a city . . . which prohibits the acts prohibited by that statute, or who enters a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of that statute or such an ordinance, $125 shall be assessed against the person by the sentencing court or under the diversion agreement. The $125 assessment may be waived by the court or, in case of diversion of criminal proceedings, by the prosecuting attorney, if the court or prosecuting attorney finds that the defendant is an indigent person. Except as otherwise provided in this subsection, the clerk of the court shall deposit all assessments received under this section in the alcohol and drug safety action fund of the court which fund shall be subject to the administration of the judge having administrative authority over that court. . . . Monies credited to the alcohol and drug safety action fund shall be expended by the court, pursuant to vouchers signed by the judge having administrative authority under the court, only for costs of the services specified by subsection (a) or otherwise required or authorized by law and provided by community-based alcohol and drug safety action programs. . . . (Emphasis added).
1. WHO IS RESPONSIBLE FOR PAYING THE COST OF THE PRESENTENCE EVALUATION REPORTS MANDATED BY K.S.A. 8-1008(c)?
K.S.A. 1993 Supp. 8-1567, as amended, allows the court to order a defendant into an alcohol and drug safety action education program or treatment program as provided by K.S.A. 8-1008, as amended. The costs of any education, rehabilitation and/or treatment programs are borne by the defendant. K.S.A. 8-1008(c). The cost of the presentence evaluation is a different matter and requires a brief history of the alcohol and drug safety action program.
In 1982, the secretary of the department of social and rehabilitation services (SRS) was charged with establishing a state alcohol and drug safety action program. As part of the program, the secretary certified community-based alcohol and drug safety action programs which provided presentence alcohol and drug evaluations and monitored individuals pleading no contest or convicted of a violation of the state DUI laws. Testimony at committee hearings indicated that the costs of education, treatment and rehabilitation should be the responsibility of the defendant. Minutes, House Committee on Transportation, March 16, 1982 and March 17, 1982 attachments two and seven.
The purpose of the then $85 assessment was to pay for the costs of the presentence evaluation and supervision of those persons who had either pled no contest or who had been convicted under the state DUI laws although the assessment could be waived if the defendant was found to be indigent. The statute also provided that SRS could increase the assessment amount in order to ensure that the alcohol and drug safety action program would be financially self-supporting.
In 1983, K.S.A. 8-1008 was amended to allow for certification of community-based alcohol and drug safety action programs by either SRS or the administrative judge of the judicial district serviced by the program. Presentence evaluations were required of persons violating not only state DUI laws, but municipal DUI ordinances and those eligible for diversion. The mandatory assessment was expanded as well to include those individuals charged with violations of municipal DUI ordinances and those eligible for diversion under state law or city ordinance. The state alcohol and drug safety action fund was abolished and, instead, each sentencing court was responsible for establishing its own fund with the assessment monies going for the payment of not only presentence evaluations for those defendants who stood convicted of state and municipal DUI offenses but also for persons who entered into diversion programs and the monitoring of those persons.
Since its genesis in 1982, the language in K.S.A. 8-1008
addressing costs has remained unchanged and it is apparent from the legislative history that the cost of alcohol and drug education, rehabilitation and treatment is to borne by the individual and the cost of the presentence evaluation is to be paid from the assessment monies placed in the alcohol and drug safety action fund of the sentencing court.
K.S.A. 8-1008(e) requires that the monies credited to the alcohol and drug safety action fund may be expended "only for costs of the service specified by subsection (a)." Subsection (a) includes a variety of items among which is the presentence alcohol and drug evaluation. Consequently, it is our opinion that the individual is responsible for paying the costs of any alcohol and drug education, rehabilitation or treatment but since one of the purposes of the assessment is to pay for the presentence evaluation, the alcohol and drug safety fund is the source for payment of presentence evaluations.
2. IF THE ASSESSMENT IS WAIVED IN SITUATIONS WHERE THE DEFENDANT IS INDIGENT, WHO PAYS FOR THE PRESENTENCE EVALUATIONS?
As previously indicated, the alcohol and drug safety action fund is the source for payment of presentence evaluations conducted by community-based alcohol and drug safety action programs certified in accordance with K.S.A. 8-1008(b). We note that when the state alcohol and drug safety action fund existed, the law authorized SRS to increase the assessment amount so that the program could be financially self-supporting. The legislature may want to review the problems of fund depletion due to assessment waivers and, perhaps, authorize municipal courts to increase the assessment amount so that the alcohol and drug safety action programs are self-supporting.
3. IS THE MUNICIPAL COURT REQUIRED TO ASSESS A FEE TO AN INDIVIDUAL WHO OBTAINS A PRESENTENCE EVALUATION IN ANOTHER COUNTY OR STATE?
K.S.A. 8-1008(e) requires the assessment for everyone unless it is waived by the court or, in the case of diversion, by the prosecuting attorney if there is a finding of indigency. There is no exception for persons who are allowed to have their presentence evaluations done in another county or out of state.
4. IS IT MANDATORY THAT A MUNICIPAL COURT ESTABLISH AN ALCOHOL AND DRUG SAFETY ACTION FUND?
It is our opinion that K.S.A. 8-1008(e) mandates the creation of an alcohol and drug safety action fund. The statute creates no exception. The legislative intent was to make all persons charged with violating state and municipal DUI laws responsible for paying the costs of their presentence evaluations through the mechanism of an assessment unless there is a finding of indigency.
Summarizing our opinion, the alcohol and drug safety action fund of the municipal court is the source for payment of presentence evaluations that are conducted by community-based alcohol and drug safety actions programs certified in accordance with K.S.A.8-1008(b). Furthermore, K.S.A. 8-1008(e) requires that all individuals who are convicted of violating state or municipal DUI laws or who enter diversion agreements pay an assessment unless the assessment is waived upon a finding that the individual is indigent. Finally, K.S.A. 8-1008 mandates the creation of an alcohol and drug safety action fund in all sentencing courts.
Very truly yours,
 CARLA J. STOVALL Assistant Attorney General
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm